```
                  UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF LOUISIANA

MICHAEL A. WETZLER                               CIVIL ACTION

Versus                                           NO.: CV 11-563

THE SALVATION ARMY                               SECTION: "F"
```

ORDER & REASONS

Before the Court is a motion for summary judgment on the issues of duty of care and causation related to plaintiff's negligence claim. For the reasons that follow, The Salvation Army's motion is DENIED.

## I. Background

This case arises out of an injury that plaintiff claims he suffered while he was a volunteer with the Salvation Army. In late March 2010, plaintiff was working with a Salvation Army employee, Don Wells, to move bags of donated clothing from the back of a truck to the bed of a trailer. The truck was backed-up against the rear-end of the trailer, but the parties dispute how close together the two vehicles were. Plaintiff states that they were approximately one to two feet apart; the defendant says that they were touching, and there was no perceivable gap between them. The parties agree that there was a height difference between the truck and the trailer, although the extent of the difference is unresolved. Possibly the range of the height difference was between two and three feet.

On the day of the accident, plaintiff worked in the truck, while Wells worked on the trailer. Plaintiff would throw the bags of clothing to Wells, so that he could arrange them on the trailer. As they were finishing their work, plaintiff noticed that some bags were out of place. Wells had already exited the trailer by that point and was in the truck. Plaintiff went from the truck up to the trailer to adjust the out-of-place bags. As he attempted to come down from the trailer, he placed his right foot on the bumper of the truck; he claims that he somehow fractured his leg as he came down on the bumper. Unable to support his weight, he fell to the ground.

Hospital examinations confirmed that plaintiff suffered a fracture of his right femur. Plaintiff asserts that he has received three surgeries on his femur. He sued the Salvation Army in this Court, invoking the Court's diversity jurisdiction. It is undisputed that plaintiff is a resident of Louisiana, and the Salvation Army has its principal place of business in Georgia. Plaintiff asserts a negligence claim under Louisiana law against the Salvation Army, and seeks damages for his injuries. He charges that the Salvation Army should have provided a ramp for the workers to use in moving between the truck and trailer. Wells' deposition revealed that he had thought the lack of a ramp dangerous, and had told his supervisor, Brenda Kates, that a ramp was necessary. Kates

denies this, and states in an affidavit that she was never approached about the need for a ramp.[1]  Defendant seeks summary judgment, arguing that plaintiff can neither prove the duty of care nor the causation elements necessary to prevail at trial on his negligence claim.

## II. Analysis

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to

---

[1] Although inconclusive at this point, comparative fault might also be an issue that will also be in focus as well as the disputed matter of a ramp.

establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

In order to prove negligence, plaintiff must show that (1) defendant had a duty to conform its conduct to a specific standard (the duty element); (2) defendant's conduct failed to conform to the appropriate standard (the breach element); (3) defendant's substandard conduct was a cause-in-fact of plaintiff's injuries (the cause-in-fact element); (4) defendant's substandard conduct was a legal cause of plaintiff's injuries (the scope of protection element); and (5) plaintiff suffered damages (the damages element).  See Bridgefield Cas. Ins. Co. v. J.E.S., Inc., 29 So.3d 570, 573 (La.App. 1 Cir. 10/23/09) (citations omitted).  "[A]ll four inquiries must be affirmatively answered for plaintiff to recover."  Jimenez v.

Omni Royal Orleans Hotel, 66 So.3d 528, 532 (La.App. 4 Cir. 5/18/11) (citation omitted).

The defendant argues that plaintiff cannot establish causation and that the Salvation Army owed him no duty of care in this case.

The defendant's causation argument glosses over serious fact issues.  Defendant asserts that its conduct did not cause plaintiff's injury because plaintiff was exiting the trailer instead of going back and forth between the two vehicles.  This difference is important because, according to the defendant, the plaintiff's only concern was his safety in traveling back and forth between the two vehicles.  To support its argument, defendant relies on a portion of plaintiff's deposition, in which plaintiff states: "I don't know what type of ramp they would have had to get, but it needed some type of a ramp to make it safer for us to go back and forth from the trailer to the truck." Defendant thus distinguishes between using a ramp for the purpose of actually going back and forth between the two vehicles safely, and using the ramp to exit the trailer and come back down to the truck.  Defendant concludes that since plaintiff was no longer going back and forth between the vehicles, the Salvation Army's failure to provide a ramp for that purpose did not cause the accident.  Its arguments succeed at making only one point: material fact issues make summary relief inappropriate.

For example, plaintiff's deposition testimony reveals that defendant presents a far too narrow reading of plaintiff's position; plaintiff states that he thought a ramp was necessary to more generally "make it safer to get from one trailer to the truck."  Maybe.  Maybe not.  That's a patently vital fact issue.

Central fact disputes also drive the duty of care issue. The Louisiana Fourth Circuit Court of Appeals has recently noted that a key question in determining whether an alleged tortfeasor owed the injured party a duty of care is "whether a person, thing, or condition creates or constitutes an unreasonable risk of harm."  Jimenez, 66 So.3d, at 532.  While the state court noted that the duty question is a question of law, the court also stated the obvious: that "[b]ecause that determination is so fact-intensive, it too is primarily entrusted to the fact-finder."  Id.

On the record before the Court, there is a dispute as to how far apart the truck was from the trailer.  Plaintiff states that they were approximately one to two feet apart.  The defendant says that they were touching, and there was no perceivable gap between them.  Another fact dispute remains as to whether Wells' supervisor, Brenda Kates, had received a request for a ramp from Wells.  Wells' deposition testimony insists he had told his supervisor, Brenda Kates, that a ramp was necessary.  Predictably Kates denies this, and states in an affidavit that she was never

approached about the need for a ramp. Both these questions are genuine issues of material fact which make Rule 56 impotent on this record.

Accordingly, the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, December 19, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE